# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANDY SANCHEZ, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>VILLAGE OF BARTLETT, )<br>Bartlett Police Officers )<br>MICHAEL RUMMELL, Star 28, and )<br>MIREYA FLORES, Star 18, )<br>)<br>Defendants. ) | FILED: AUGUST 19, 2008<br>No.  08CV4714<br>Judge  JUDGE ST. EVE<br>Magistrate Judge  MAGISTRATE JUDGE MASON<br><br>                                                    BR<br>Jury Demand |

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a resident of Carpentersville, Illinois.

5. Defendant-Officers are duly appointed and sworn Bartlett police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

7. Defendant VILLAGE OF BARTLETT is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

### Facts

8. On or about April 18, 2008, Plaintiff and a few friends, including Eddie Torres, went to a Bartlett bar called Cadillac Ranch.

9. During the early hours of April 19, 2008, Plaintiff was outside of the bar, talking on the phone to his friend Eddie. Plaintiff was asking Eddie why he had left the bar without giving him a ride home.

10. Defendant-Officers RUMMELL and FLORES walked over to Plaintiff and told him to shut the fuck up or they would arrest him for disorderly conduct.

11. Plaintiff told Defendants RUMMELL and FLORES that he was not bothering them and to leave him alone.

12. RUMMELL and FLORES grabbed Plaintiff and put Plaintiff against the car.

13. RUMMELL and FLORES searched Plaintiff and ran his license.

14. Plaintiff was seized and not free to leave.

15. RUMMELL and FLORES told Plaintiff he had a warrant. Later Plaintiff found out that the warrant was for driving with an expired license.

16. Plaintiff turned to tell RUMMELL and FLORES that he didn't think he had a warrant.

17. RUMMELL and FLORES slammed Plaintiff to the ground. RUMMELL and FLORES grabbed Plaintiff's left arm, pulled it behind Plaintiff's back, and applied significant pressure to his arm.

18. RUMMELL and FLORES broke his collar bone. Plaintiff felt extreme pain.

19. RUMMELL and FLORES told Plaintiff to "shut the fuck up."

20. RUMMELL and FLORES pushed Plaintiff's face onto the ground while they were on top of Plaintiff.

21. RUMMELL and FLORES handcuffed Plaintiff and pulled him up to a standing position.

22. Plaintiff asked RUMMELL and FLORES to put the handcuffs in front of his body, rather than behind, because he was in extreme pain.

23. RUMMELL and FLORES refused to put the handcuffs on in front of Plaintiff's body.

24. Plaintiff asked to be taken to the hospital.

25. RUMMELL and FLORES refused to take Plaintiff to the hospital.

26. RUMMELL and FLORES placed Plaintiff in the back seat of the police car, drove Plaintiff to the Bartlett Police Department, and placed him in a holding cell.

27.　　Plaintiff was processed and released on a $200 bond.

28.　　Eddie picked Plaintiff up from the police station and drove Plaintiff to the hospital, where x-rays were taken. The x-rays revealed that Plaintiff's collar bone was broken.

29.　　As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including loss of physical liberty, emotional distress, physical pain and suffering, and pecuniary damages including medical expenses, attorneys' fees, monies posted for bond, lost wages, property damage, and other damages.

### COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

30.　　Plaintiff realleges paragraphs 1 through 29 as if fully set forth herein.

31.　　Before discovering that there was an arrest warrant, RUMMELL and FLORES stopped and seized Plaintiff.

32.　　RUMMELL and FLORES did not have a reasonable suspicion, based on specific and articulable facts, that Plaintiff was about to commit a crime or had committed a crime.

33.　　The seizure of Plaintiff without reasonable suspicion or any other legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

　　WHEREFORE, Plaintiff asks that this Honorable Court:

　　a)　　Enter judgment against Defendants RUMMELL and FLORES,

　　b)　　Award Plaintiff compensatory and punitive damages,

　　c)　　Award attorneys' fees and costs, and

　　d)　　Award any further relief that this Honorable Court deems just and equitable.

### COUNT II
### (42 U.S.C. § 1983 – Excessive Force)

34.　　Plaintiff realleges paragraphs 1 through 29 as if fully set forth herein.

35.　　RUMMELL and FLORES violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

　　WHEREFORE, Plaintiff asks that this Honorable Court:

    a)    Enter judgment against Defendants RUMMELL and FLORES,

    b)    Award Plaintiff compensatory and punitive damages,

    c)    Award attorneys' fees and costs, and

    d)    Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – *Monell* Claim against the VILLAGE OF BARTLETT)

36.    Plaintiff realleges all of the above paragraphs and counts, as if fully set forth herein.

37.    At all times material to this Complaint, there existed in the VILLAGE OF BARTLETT the following practices, policies and customs:

    a.    stopping, detaining, arresting, and searching persons without a warrant, probable cause, reasonable suspicion, consent, or any other legal basis,

    b.    arbitrary use of excessive force against suspects, arrestees, detainees and other civilians,

    c.    denying medical care to arrestees, including those who have been beaten by police officers,

    d.    failure to adequately train, supervise and discipline police officers in the categories and fields of police work addressed above,

38.    The actions of the Defendant-Officers as alleged in this Complaint were done pursuant to, and as a result of, one or more of the above *de facto* practices, policies and customs of the VILLAGE OF BARTLETT, the Bartlett Police Department, and its police officers.

WHEREFORE, Plaintiff asks that this Honorable Court:

    a)    Enter judgment against Defendant VILLAGE OF BARTLETT,

    b)    Award Plaintiff compensatory damages,

    c)    Award attorneys' fees and costs, and

    d)    Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

39.    The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

40.     Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant VILLAGE OF BARTLETT is liable for any judgments in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant VILLAGE OF BARTLETT to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Jury Trial Demanded**

Respectfully submitted,

/s/ Lawrence V. Jackowiak
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595